**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 10-cv-02544-CMA-MEH

LEANNA COX,

      Plaintiff,

v.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,

      Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**
**TO STATE DISTRICT COURT**

---

      This matter is before the Court on Plaintiff Leanna Cox's Objection to

Defendant's Notice of Removal and Plaintiff's Motion to Remand to State District Court

(Doc. # 6).  For the following reasons, Plaintiff's Objection and Motion are overruled and

denied, respectively.

**I.  BACKGROUND**

      This action arises from a dispute concerning Defendant The Lincoln National Life

Insurance Company's alleged failure to pay insurance benefits to Plaintiff, the listed

beneficiary, on a life insurance plan purchased by her deceased husband, Pete W. Cox.

      On September 29, 2010, Plaintiff filed a complaint in Denver County District

Court against Defendant, alleging three claims for relief, for what essentially amounts

to breach of contract; an award of double the maximum insurance benefits, and

reasonable attorneys' fees and costs under Colo. Rev. Stat. § 10-3-1116; and breach

of good faith and fair dealing, for which Plaintiff seeks an award of punitive damages,

reasonable attorneys' fees, and costs.  (Doc. # 1-1.)

On October 19, 2010, Defendant filed a Notice of Removal from Denver County

District Court.  (Doc. # 1.)  On October 26, 2010, Plaintiff filed the instant Objection and

Motion to Remand.  (Doc. # 6.)  Defendant responded on November 15, 2010 (Doc.

# 9), and Plaintiff replied on November 22, 2010 (Doc. # 10).

## II.  ANALYSIS

In the Notice of Removal, Defendant asserts that the Court has original

jurisdiction over this action under 28 U.S.C. § 1331, because Plaintiff's claims arise

under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

§ 1001, *et. seq.,* and, therefore, this action concerns a federal question.  (Doc. # 1 at 2.)

Alternatively, Defendant asserts that the Court has jurisdiction over this action under

28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states

and the amount in controversy exceeds $75,000.  (*Id.*)

In contrast, Plaintiff maintains that her claims do not arise under ERISA, but

asserts that, to the extent that her claims may fall under 29 U.S.C. § 1132(e)(1)(B),

state courts and district courts of the United States have concurrent jurisdiction and,

therefore, she should be allowed to pursue her claims in state court.  (Doc. ## 6 at 2;

10 at 1-2.)  Further, Plaintiff asserts that, as the initiator of this action, she should be

entitled to select the forum and her selection should be given priority.  (*Id.* at 3.)

For a case to be removable from state court, the federal court must have jurisdiction. *See* 28 U.S.C. § 1441 (generally identifying removable actions). "Jurisdiction is a threshold question that a federal court must address[.]" *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (internal citations omitted); *see also Bradbury v. Dennis*, 310 F.2d 73, 74 (10th Cir. 1962) ("the burden is and always has been upon the one asserting it to affirmatively sustain it"). In an action removed from state court by a defendant, the **defendant** bears the burden of establishing that the requirements of diversity jurisdiction have been met. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001)); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 952-53 (10th Cir. 2008) (a removing defendant must "prove jurisdictional facts by a 'preponderance of the evidence[.]'"). "[R]emoval statutes are to be strictly construed, and all doubts are to be resolved **against** removal." *Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted) (emphasis added).

A.    **WHETHER PLAINTIFF'S CLAIMS ARISE UNDER ERISA**

"It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *see also Davis v. John Alden Life Ins. Co.*, 746 F. Supp. 44, 46 (D. Kan. 1990).

As noted by the Tenth Circuit, an "employee welfare benefit plan" falls under ERISA when it includes the following elements: it is (1) any plan, fund, or program (2) established or maintained (3) by an employer (4) for the purpose of providing benefits (5) to participants or their beneficiaries. 29 U.S.C. § 1002(1); *Peckham v. Gen*

*State Mut. of Utah*, 964 F.2d 1043, 1047 (10th Cir. 1992); *Curtiss v. Union Cent. Life Ins. Co.*, 823 F. Supp. 851, 854 (D. Colo. 1993).  In the instant case, Defendant asserts ERISA preemption, therefore, Defendant bears the burden "to establish the existence of a plan which would invoke ERISA's exclusive remedy provisions."  *Curtiss*, 823 F. Supp. at 854.

A particular benefits plan falls under ERISA if "from the surrounding circumstances a reasonable person can ascertain the intended benefits, the class of beneficiaries, the source of financing, [   ] the procedure for receiving benefits," and if it requires ongoing administration.  *Peckham*, 964 F.2d at 1047-48 (quotation and citation omitted); *see also Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1 (1987).  The latter characteristic, ongoing administration, is crucial, as it distinguishes an ERISA-governed plan from an insurance contract.  *Curtiss*, 823 F. Supp. at 855.

"The 'established or maintained' requirement appears designed to ensure that the plan is part of an employment relationship,'" which can be ascertained by "looking at the degree of participation by the employer in the establishment or maintenance of the plan."  *Peckham*, 964 F.2d at 1049; *see also* 29 C.F.R. § 2510.3-1(j) (excluding from ERISA coverage group-type insurance plans in which employer makes no contribution, does not mandate participation by its employees, does not endorse the plan, and receives no profit in connection with the plan).  Whether the purchase of the insurance policy constituted an expressed intention by the employer to provide benefits on a regular and long term basis is crucial in determining whether a plan has been established.  *Curtiss*, 823 F. Supp. at 855.  "If an employer does no more than purchase

4

insurance for [its] employees, and has no further involvement with the collection of premiums, administration of the policy, or submission of claims," the plan is not an ERISA plan. *Id.* at 856 (quotation and citation omitted).

In the instant case, Plaintiff's complaint does not state any federal question on its face. With respect to the life insurance policy, the complaint states that Mr. Cox's employer, Axis Commercial Realty, Inc.*,* "obtained and maintained a life insurance policy on the life of [Mr. Cox], naming [P]laintiff as a beneficiary," (Doc. # 1-1, ¶ 5), and that the "subject matter of this litigation involves an [sic] life insurance policy issued by [D]efendant to Axis Commercial Realty . . . insuring the life of [Mr. Cox]" (*Id.*, ¶ 3). The Complaint only discusses Axis Commercial Realty's purchase of a life insurance plan for Mr. Cox. The Complaint does not contain any allegations that Axis Commercial Realty established a group life insurance policy for all its employees, or that it represented such a plan to all its employees.

As previously noted, ERISA applies to a plan if, from the surrounding circumstances, a reasonable person can ascertain, in pertinent part, the **class** of beneficiaries. *Peckham*, 964 F.2d at 1047. The phrase, "class of beneficiaries" suggests more than one beneficiary. In the instant case, Plaintiff has alleged only that a life insurance plan was established for her husband's benefit; Plaintiff did not allege that a larger plan was established for a larger class of beneficiaries. Further, although Plaintiff alleges that Axis Commercial Realty "maintained" a life insurance policy on behalf of Mr. Cox, the Complaint does not allege the extent of Axis Commercial Realty's involvement with the collection of premiums, administration of the policy, or submission

5

of claims.  Accordingly, on its face, the Complaint does not assert facts that would render the underlying plan subject to ERISA.  *See Curtiss v. Union Cent. Life Ins. Co.*, 823 F. Supp. 851 (1993) (finding that the at-issue individual life policy purchased by the employer for its general manager was not a "plan" under ERISA because the employer had not established a group life insurance policy for its employees, the employer never represented such plan to its employees, and performed no administrative tasks after the plan's purchase); *cf. Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (discussing ERISA preemption of state law claims arising from an alleged failure to pay benefits under a group benefits plan); *Davis v. John Alden Life Ins. Co.*, 746 F. Supp. 44, 47 (D. Kan. 1990) (finding that ERISA preempts state law claims, even though complaint stated no federal question on its face, because the complaint involved an insurance policy which is part of an employee group plan).

In response to Plaintiff's Motion to Remand, Defendant asserts that "Plaintiff seeks payment of benefits under a group insurance policy[.]"  (Doc. # 9 at 2.)  However, much like the defendant in *Stanley v. Life Ins. Co. of N. Am.*, 426 F. Supp. 2d 1275 (M.D. Fla. 2006), Defendant's Notice of Removal states in a conclusory fashion that the at-issue insurance plan is an ERISA plan.  Defendant, which bears the burden of proof in asserting this Court's jurisdiction, has presented no competent evidence to support its claim that the at-issue insurance plan is part of a group policy.  As with the *Stanley* court, this Court is unable to make a specific finding as to whether the plan falls under ERISA and, therefore, whether this action was properly removed in accordance with 28 U.S.C. § 1441(b).

6

**B.**     **WHETHER DIVERSITY JURISDICTION EXISTS**

Though not briefed by the parties, but asserted by Defendant in the Notice of

Removal, the Court will next consider whether this action was properly removed on

grounds of diversity between Plaintiff and Defendant, pursuant to 28 U.S.C. § 1332.

Section 1332(a) sets forth two requirements for diversity jurisdiction. Those

requirements are: (1) an "amount in controversy [that] exceeds the sum or value of

$75,000, exclusive of interest and costs" and (2) diversity of citizenship between the

parties.  28 U.S.C. § 1332(a).

Typically, a defendant can establish the amount in controversy by providing

factual allegations in the notice of removal, or by citing to allegations in the complaint.

*McPhail v. Deere & Co.*, 529 F.3d 947, 952-53 (10th Cir. 2008).  "Such proof may arise

in a variety of ways, but conclusory assertions or outright speculation as to the amount

potentially recoverable under a given theory will not suffice."  *Tafoya v. Am. Family Mut.*

*Ins. Co.*, No. 08-cv-01656, 2009 WL 211661, at *2 (D. Colo. Jan. 28, 2009).

In this case, Plaintiff alleges that Defendant "is obligated to . . . pay to [her] the

remaining unpaid benefits," which appears to amount to $40,000.00  (Complaint at Doc.

# 1-1, ¶ 12 (misnumbered as ¶ 9 at 5); *see also id.*, ¶ 11 at 4).[1]  However, elsewhere

in the Complaint, Plaintiff seeks "double the maximum amount of insurance benefits,"

---

[1]   All page number citations refer to the numbering used by the Court's CM/ECF
docketing system, not to the documents' original page numbering.

costs, and reasonable attorneys' fees, pursuant to Colo. Rev. Stat. § 10-3-1116.[2] (*Id.* at 6, 7).  As previously noted, costs cannot be used to surpass the $75,000 threshold for diversity jurisdiction.  However, Plaintiff's request for double damages (*i.e.*, two times the covered benefit) does bring the amount in controversy, namely two times the remaining unpaid benefits of $40,000, beyond the $75,000 threshold, regardless of whether Plaintiff sought attorneys' fees.

Therefore, for the foregoing reasons, the Court finds that diversity jurisdiction exists, pursuant to 28 U.S.C. § 1332.

### III.  CONCLUSION

Accordingly, IT IS ORDERED THAT Plaintiff's Objection to Defendant's Notice of Removal is OVERRULED and Plaintiff's Motion to Remand to State District Court is DENIED (Doc. # 6).

DATED:  December   09  , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[2]  "A first-party claimant . . . whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit."  COLO. REV. STAT. § 10-3-1116(1).

8