**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-02544-CMA-MEH

LEANNA COX,

    Plaintiff,

v.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,

    Defendant.

---

**ORDER FINDING ERISA PREEMPTION OF STATE LAW CLAIMS, DISMISSING PLAINTIFF'S CLAIMS, AND DIRECTING FILING OF AMENDED COMPLAINT**

---

This matter is before the Court on Defendant's Memorandum in Support of ERISA Preemption. (Doc. #16). For the following reasons, the Court finds that Plaintiff's state law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").

## I. BACKGROUND

This action arises from a dispute concerning Defendant The Lincoln National Life Insurance Company's alleged failure to pay insurance benefits to Plaintiff, the listed beneficiary, on a life insurance plan purchased by her deceased husband, Pete W. Cox.

On September 29, 2010, Plaintiff filed a complaint in Denver County District Court against Defendant, alleging three claims for relief, for what essentially amounts to breach of contract; an award of double the maximum insurance benefits, and

reasonable attorneys' fees and costs under Colo. Rev. Stat. § 10-3-1116; and breach of good faith and fair dealing, for which Plaintiff seeks an award of punitive damages, reasonable attorneys' fees, and costs. (Doc. # 1-1.)

At a December 17, 2010 Scheduling Conference before United States Magistrate Judge Michael E. Hegarty, a briefing schedule was set for the parties to address whether ERISA preempted Plaintiff's claims. Accordingly, Defendant filed the instant brief on January 4, 2011 ("Opening Brief"). (Doc. # 16.) Plaintiff responded on January 17, 2011 (Doc. # 17), and Defendant replied on January 27, 2011 (Doc. # 19). In her response, Plaintiff concedes that ERISA preempts her state common law claims for breach of contract (Claim 1) and breach of good faith and fair dealing (Claim 3). (Doc. # 17 at 2) ("To the extent that this court determines that this lawsuit involves solely an ERISA claim, Plaintiff understands that ERISA preempts Colorado common law."). Accordingly, dismissal of Plaintiff's first and third claims for relief is warranted and the Court will address only the extent to which ERISA preempts Plaintiff's claim for an award of double the maximum insurance benefits and reasonable attorneys' fees and costs under Colo. Rev. Stat. § 10-3-1116 (Claim 2).

## II. ERISA PREEMPTION

### A. WHETHER PLAINTIFF'S CLAIMS ARISE UNDER ERISA

As noted by the Tenth Circuit, an "employee welfare benefit plan" falls under ERISA when it includes the following elements: it is (1) any plan, fund, or program (2) established or maintained (3) by an employer (4) for the purpose of providing

benefits (5) to participants or their beneficiaries.  29 U.S.C. § 1002(1); *Peckham v. Gen State Mut. of Utah*, 964 F.2d 1043, 1047 (10th Cir. 1992); *Curtiss v. Union Cent. Life Ins. Co.*, 823 F. Supp. 851, 854 (D. Colo. 1993).

A particular benefits plan falls under ERISA if "from the surrounding circumstances a reasonable person can ascertain the intended benefits, the class of beneficiaries, the source of financing, [ ] the procedure for receiving benefits," and if it requires ongoing administration.  *Peckham*, 964 F.2d at 1047-48 (quotation and citation omitted); *see also Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1 (1987).  The latter characteristic, ongoing administration, is crucial, as it distinguishes an ERISA-governed plan from an insurance contract.  *Curtiss*, 823 F. Supp. at 855.

"The 'established or maintained' requirement appears designed to ensure that the plan is part of an employment relationship,'" which can be ascertained by "looking at the degree of participation by the employer in the establishment or maintenance of the plan."  *Peckham*, 964 F.2d at 1049; *see also* 29 C.F.R. § 2510.3-1(j) (excluding from ERISA coverage group-type insurance plans in which employer makes no contribution, does not mandate participation by its employees, does not endorse the plan, and receives no profit in connection with the plan).

In the instant case, as evidenced by the Affidavit of Barbara J. True and supporting documents, which Defendant submitted in support of its Opening Brief, the at-issue life insurance plan qualifies as an employee welfare benefit plan under ERISA; the plan was established and maintained by Mr. Cox's employer, Axis Commercial

Realty Inc., for providing life insurance benefits to participants or their beneficiaries, such as Plaintiff.  (Doc. # 16-1.)

**B.    ERISA'S PREEMPTIVE EFFECT ON PLAINTIFF'S SECOND CLAIM FOR RELIEF UNDER COLO. REV. STAT. § 10-3-1116**

In support of its Motion, Defendant presents the following three arguments as to why Plaintiff's second claim for relief under section 10-3-1116(1) fails: (1) section 10-3-1116 does not apply to life insurance claims; (2) even if section 10-3-1116 was applicable to life insurance claims, the statute was enacted after the formation of the at-issue life insurance policy and, thus, the statute cannot be applied retroactively; and (3) ERISA preempts claims under section 10-3-1116(1).  (Doc. #19 at 3-8).

Pursuant to its holding in *Flowers v. Life Ins. Co. of N.Am.*, the Court agrees that ERISA preempts claims under section 10-3-1116(1).  No. 10-cv-02155, 2011 WL 1002871, at *4-5 (D. Colo. Mar. 15, 2011).  In *Flowers*, this Court reasoned that section 10-3-1116(1) is not protected by ERISA's "savings clause," 29 U.S.C. § 1144(b)(2)(A), because the subsection does not regulate insurance; specifically, the subsection does not substantially affect the risk pooling arrangement between the insurer and the insured.  *Id.* at *2-3.  Rather, this Court concluded that subsection 10-3-1116(1) "merely creates an additional remedy for policyholders," and, therefore, falls under ERISA's "pre-emption clause," 29 U.S.C. § 1144(a), which states that, except as provided under ERISA's savings clause, "the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may nor or hereafter relate to any employee benefit plan[.]"  *Id.* at *4.

4

As with the claim at issue in *Flowers*, Plaintiff's second claim for relief is, in reality, a claim that comes within the scope of ERISA, despite the fact that it is pleaded in terms of state law. Accordingly, dismissal of Plaintiff's second claim for relief is warranted; the Court need not address Defendant's other arguments concerning the inadequacy of this claim.

### III. CONCLUSION

Accordingly, IT IS ORDERED THAT:

(1) Defendant's Memorandum in Support of ERISA Preemption (Doc. # 16) is GRANTED;

(2) Plaintiff's claims are pre-empted by ERISA and, therefore, DISMISSED; and

(3) Plaintiff is directed to file an amended complaint, restating her claims under federal law, **by no later than Wednesday, April 27, 2011**. Failure to file timely an amended complaint will result in dismissal of this action, without prejudice.

DATED: April  13 , 2011

BY THE COURT:

*Christine M. Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge