**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:10-CV-02544-CMA

LEANNA COX,

    Plaintiff,

v.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

    Defendant

_____

**PLAINTIFF'S FIRST AMENDED COMPLAINT**
_____

    Plaintiff, above named, by and through her attorney, hereby submits this first amended complaint against the defendant:

**PARTIES**

1. Leanna Cox: The Plaintiff, Leanna Cox ("Cox"), is a widow that resides at 5337 E Mineral Circle, Centennial, CO 80122. Plaintiff was married to Pete W. Cox, deceased, the insured under a policy by Lincoln National with Axis Commercial Realty, Inc. in which Cox was named a beneficiary.

2. The Lincoln National Life Insurance Company: The Defendant, The Lincoln National Life Insurance Company ("Lincoln National"), is an insurance company that conducts life insurance business within the State of Colorado.

3. Axis Commercial Realty Company, Inc. ("Axis"), a defunct Colorado corporation, previously located at 2460 West 26th Avenue, Suite 300-C, Denver, CO 80211, was the employer

1

of Pete W. Cox.  During 2003, Axis obtained and maintained throughout the remainder of Pete W. Cox's life, an employee insurance plan ("Plan"): Group Life and Accidental Death and Dismemberment Insurance from Jefferson Pilot Financial Insurance Company ("Jefferson"). Group Insurance Policy 000010025610 ("Policy", Exhibit A) was issued to insure the Plan, and a Certificate of Group Life Insurance ("Certificate") and Summary Plan Description ("SPD", Exhibit B) were issued by Jefferson.   Axis was the Plan Administrator; however, Jefferson had the sole discretionary authority to administer claims in accord with its interpretation of policy provisions (Exhibit B SPD: The Plan Administrator).   On information and belief plaintiff alleges that at some point, Lincoln National merged with Jefferson, as successor, and assumed the obligations to Axis under the Plan.

**GENERAL ALLEGATIONS**

4.      On or about March 11, 2010, Pete W. Cox died.  At the time of his death Pete W. Cox was married to Plaintiff, an employee, shareholder and director of Axis, and an insured under the Plan's Policy.

5.      The Policy Schedule of Insurance benefits, Exhibit A, provides the following amount of personal life insurance for Pete W. Cox:

                Amount of Personal

                Life Insurance

One and one-half times **Basic Annual Earnings**, rounded to the next higher $1,000.00; subject to a minimum of

$10,000 and a maximum of $200,000

**Basic Annual Earnings** means your annual base salary or annualized hourly pay from the Employer before taxes on the determination date. The determination date is the last day worked just prior to the loss.

It also includes:
1. Commissions averaged over the 12 months just prior to the determination date or over the actual period of employment with the Employer just prior to that date, if shorter.

**To summarize,** under the Policy language Pete W. Cox's amount of personal life insurance equaled one and one half times his Basic Annual Earnings. His **Annual Basic Earnings** are a combination of his Annual Basic Salary and Commissions earned in the 12 months just prior to his death.

6.      During the applicable employment period, Pete W. Cox received **Basic Annual Earnings** of $172,288.42, composed of his annual base salary of $106,538.42, and his applicable commission of $65,750.00.

7.      Notwithstanding, defendant, as claims administrator of the Plan, concluded that his commission of $65,750.00 did not quality as a Commission earned in the 12 months just prior to his date of death. As a result, the amount of benefits paid by defendant to plaintiff was only $161,229.58, instead of the $200,000.00 maximum provided for in the Amount of Personal Life Insurance.

8.      In deciding that the 65,750.00 commission is not applicable in calculating the **Basic Annual Earnings,** defendant's National Account Life Claims Specialist, Brandi Hawkins, concluded the commission was earned outside the applicable 12 month period. In an email to Axis as Plan Administrator, Ms. Hawkins corresponded, Exhibit C:

*Hi. Thank you for sending the records for Mr. Cox. After further review, I have found that*

*we cannot use the $65,000.00 commission information you sent as those were not his commissions made for March/2009 through Feb/2010 (12 months).* **Per the policy, I will need how much he made in commissions from 12 months prior to his last day worked.  The $65,000 commissions are not valid for those dates, so that amount cannot be used.**  *If that was on his 2009 W-2 then those were commissions for 2008.* (emphasis added)

In the same email, Ms Hawkins went on to say:

I will only be able to pay a benefit amount of $160,000.00.  I will have to deny the additional $40,000.00 and send a denial letter to the beneficiary.  If you prefer, you can correct the benefit amount on page 1 of the claim for to $160,000.00 and I will not have to do any partial denial or send any denial letters.  You can just mark out the $200,000.00, you do not have to complete a whole new page.

9. Axis did not amend the benefit page.  Thereafter, Ms. Hawkins sent two letters on June 21, 2010 purporting to explain her decisions, calculation and denial.  Exhibits D and E.  Exhibit D is addressed to Axis as the Plan Administrator.  In that letter, (third paragraph last sentence) Ms. Hawkins says she sent a separate letter to the plaintiff explaining appeal rights for the denied portion of the claim.  However, Ms. Hawkins' letter never discloses to Axis the denied portion of the claim and never provides any reason for a denial.

The second letter sent by Ms. Hawkins on June 21, 2010 is addressed to Leanna Cox, Plaintiff.  In this letter (fourth paragraph last two sentences), Ms. Hawkins states that the benefit requested by plaintiff is different from the benefit paid by defendant but never

4

discloses the denied portion and never provides any reason for denial.  Instead, Ms Hawkins says a letter has been sent to Axis explaining the difference between what plaintiff requested and plaintiff received.  However, we already know from a review of the Axis letter, Exhibit D,

The only explanation provided by defendant to the Plan Administrator and beneficiary for a denial of a portion of the insurance benefit, is contained in Ms Hawkins email referenced in paragraph 8 above.

10. Pursuant to the Plan's appeal process, Plaintiff appealed defendant's decision that the commission was earned outside the 12 months (March/2009 through Feb/2010) prior to death, Exhibit F.  As the appeal exhibits indicate, the commission was earned on March 23, 2009, directly within the applicable 12 month period.  Having fully satisfied defendant's denial explanation by Ms. Hawkins' email, plaintiff expected to receive the unpaid balance of the life insurance benefits.

11. Defendant denied plaintiff's appeal on August 30, 2010, Exhibit G, (third and fourth paragraphs, second page). Defendant based this denial on an entirely new argument. Defendant's denial of plaintiff's appeal contends the premium payments made by Axis only cover $160,000.00 of insurance benefits, not the $200,000.00 Defendant's Brandi Hawkins claimed was available under the life insurance policy.   Plaintiff contends Defendant's appeal denial is directly contrary to its earlier denial criteria and should be given no credibility.

12. Defendant's refusal to honor the position set forth by Brandi Hawkins, and the provisions of the Schedule of Insurance which includes commissions in the payment of life insurance benefits, forms the basis of this lawsuit.  Plaintiff believes defendant is obligated to include the $65,750.00 commission earned within the determination period and pay to the

5

beneficiary the remaining unpaid benefits to the maximum sum of $200,000.00.

13.     Under the Plan, the Schedule of Insurance, Claims Procedure, Review Procedure allows the plaintiff to request a claim review.  Plaintiff requested a review, Exhibit F, which was denied by defendant.  Defendant sent plaintiff and Axis a Notice of Decision denying the claim.  Following denial, the Plan provides plaintiff with the right to bring legal action.  This lawsuit is that legal action.

## CLAIM FOR RELIEF

10.     Plaintiff incorporates by reference paragraphs 1-13.

11.     Upon Pete W. Cox's death, defendant is obligated under the Policy to pay benefits to Pete W. Cox's beneficiary in accordance with the Schedule of Insurance.  Plaintiff is a beneficiary of Pete W. Cox entitled to receive those benefits.  Defendant, as claims administrator, has determined that less than the full entitlement of benefits is payable by reason of the Pete W. Cox death.  Defendant, by email from Brandi Hawkins, notified Axis and plaintiff that a portion of the benefit would be withheld solely because a W-2 purportedly disclosed income outside the salary period.

12.     Plaintiff has appealed to defendant prior to filing this action on the basis that the income document, not a W-2 but a Form 1099 Misc Income, showed that the income was earned within the salary period and should be included in the calculation of benefits.  Plaintiff has met the requirements set forth in the Brandi Hawkins email but defendant neglects and refuses to pay the remainder of benefits due and owing the beneficiary.

Wherefore, plaintiff prays for judgment against defendant, for the portion of unpaid

Insurance for costs of this action, reasonable attorney fees, and for such other and further relief as the court deems just.

Dated this 27th day of April, 2010.

                                          Respectfully submitted,
                                          Original signature on file in attorney's office
                                          Alan F. Barton (5678)
                                          Attorney for Plaintiff

Plaintiff's Address:
5337 E Mineral Circle
Centennial, CO 8012

                                          Respectfully submitted,
                                          /s/ *Alan F. Barton*
                                          Alan F. Barton
                                          1077 Race Street, Ste 1002
                                          Denver, CO 80206
                                          970.390.3470
                                          303.296.1206(f)
                                          alan@afbarton.com

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on April 27, 2011 by the Court's e-service on the following:

Todd A. Brenner, Esq         James Baird, Esq
555 Metro Place North, Ste 225  722 Washington Av, Ste 203
Dublin, Ohio 43017             Golden, CO 80401

                                          /s/ Alan F. Barton
                                          Attorney for Plaintiff